Opinion filed October 26, 2006 

















 
 
  
 
 







 
 
  
 
 




Opinion filed October 26, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00116-CR 

                                                    __________

 

                                    CARRIE
ANN RAHAT, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 118th District Court

 

                                                         Howard
County, Texas

 

                                                    Trial
Court Cause No. 11556

 



 

                                                                   O
P I N I O N

The jury convicted Carrie Ann Rahat, upon her plea
of guilty, of the offense of possession of cocaine.  The jury assessed her punishment at
confinement for fifteen years.  We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  








Counsel presents five potential points of error
suggesting that evidence of the delivery of cocaine and of firearms found in
appellant=s home
was improperly admitted, that appellant received ineffective assistance of
counsel, that the trial court erred in failing to reduce appellant=s sentence or failing to grant Ashock@
probation,[1]
and that the jury pool was tainted by the presence of a relative of  an employee of the office of the Howard
County District Attorney.  We agree with
counsel that neither the record before this court nor the law support these
potential points.

Big Spring Police Detective Brian Gordon testified
that he arranged for a reliable, Acooperating
individual@ to
make  a Acontrolled@ buy of cocaine from appellant.  After the controlled buy, a search warrant
was secured.  Ten individual baggies of
crack cocaine, a large amount of crack cocaine in 2-inch cube form, a Colt
.22-caliber semi-automatic pistol, a FIE standard .38-caliber revolver, live
ammunition, a set of Royal digital scales, a palm digital scale, the $40 used
in the controlled buy, and over $1,000 in cash was recovered from appellant=s home. 
Over twenty-three grams of cocaine was recovered.

We agree with counsel that evidence of the
controlled buy and evidence of the firearms was properly admitted under Tex. R. Evid. 402.  The trial court did not abuse its discretion.

The record does not support the potential point of
error that appellant received ineffective assistance of trial counsel.  In fact, the record reflects that trial
counsel provided reasonably effective assistance.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington, 466 U.S.
668 (1984); Andrews v. State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999).  Further, the record does not reflect that
counsel=s
representation was not within the range of competence demanded of attorneys in
criminal cases or that there is a reasonable probability that, but for counsel=s error, appellant would have not
pleaded guilty. Hill v. Lockhart, 474 U.S. 52 (1985); Kober v. State,
988 S.W.2d 230, 232 (Tex. Crim. App. 1999); Ex parte Morrow, 952
S.W.2d 530 (Tex. Crim. App. 1997).








We note that the jury assessed punishment at
confinement for fifteen years, a sentence well within the range of punishment
for a second degree felony.[2]  A penalty assessed within the range of
punishment established by the legislature will not be disturbed on appeal.  Jackson v. State, 680 S.W.2d 809 (Tex.
Crim. App. 1984); Bradfield v. State, 42 S.W.3d 350 (Tex. App.CEastland 2001, pet. ref=d). We also note that appellant=s punishment was assessed at
confinement and that, therefore, she was not eligible for either community
supervision or shock probation.  Tex. Code Crim. Proc. Ann. art. 42.12,
' 4(d)(1), 6 (Vernon Supp. 2006).

Nothing in the record before this court supports
the claim that the jury pool was tainted. 
We agree with counsel=s
conclusion that there is no merit to this claim.

Counsel has provided appellant with a copy of the
brief and advised appellant of her right to review the record and file a
response to counsel=s
brief.  A response has not been
filed.  Court-appointed counsel has
complied with the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).

The motion to withdraw is granted.  We note that counsel has the responsibility
to advise appellant that he may file a petition for discretionary review by the
Texas Court of Criminal Appeals.  Ex
parte Owens, 2006 WL 2619989 (Tex.
Crim. App. Sept. 13, 2006).  Likewise,
this court advises appellant that she may file a petition for discretionary
review pursuant to Tex. R. App. P. 66.

The judgment is affirmed.

 

PER CURIAM

 

October 26, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Tex. Code Crim. Proc. Ann. art. 42.12, ' 6 (Vernon Supp. 2006).





[2]Tex. Penal Code
Ann. ' 12.33 (Vernon 2003) provides that a person convicted
of a second degree felony shall be confined for a term of not less than two
years and not more than twenty years.  An
optional fine not to exceed $10,000 is also authorized.